COBB, Chief Justice
(dissenting).
I disagree with this Court’s holding that the trial court acted within its discretion in refusing to enter the protective order Laura Kay Carlisle sought. Therefore, I respectfully dissent.
Rule 26(b)(1), Ala. R. Civ. P., permits the discovery of any matter that, although not itself relevant, “appears reasonably calculated to lead to the discovery of admissible evidence.” During the deposition, the attorney for Thomas G. Moore, the defendant below, questioned Carlisle, the plaintiff, as to when she lost her virginity and about sexual relations she might have had many years before the incident which is the subject of this litigation. Such questioning has no bearing on sexual-harassment claims brought decades later. The discovery sought relating to Carlisle’s sexual history appears to have no other purpose than to embarrass and intimidate Carlisle. Thus, the trial court should have issued the protective order.
I note that Rule 412, Ala. R. Evid., the Alabama evidentiary rule concerning the admissibility of evidence of a complainant’s past sexual conduct, applies only to criminal prosecutions. The Advisory Committee’s Notes to Rule 412 state that the Advisory Committee chose to adopt Alabama’s existing “rape shield” statute as the evidentiary rule in Alabama concerning a complainant’s past sexual conduct, and that statute has no application in civil matters. The federal counterpart, Rule 412, Fed.R.Evid., provides, in pertinent part:
“(a) Evidence generally inadmissible. The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):
“(1) Evidence offered to prove that any alleged victim engaged in other sexual behavior.
“(2) Evidence offered to prove any alleged victim’s sexual predisposition.
“(b) Exceptions.
[[Image here]]
“(2) In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of *1210 harm to any victim and of unfair' prejudice to any party. Evidence of an alleged victim’s reputation is admissible only if it has been placed in controversy by the alleged victim.
“(c) Procedure to determine admissibility.
“(1) A party intending to offer evidence under subdivision (b) must—
“(A) file a written motion at least 14 days before trial specifically describing the evidence and stating the purpose for which it is offered unless the court, for good cause, requires a different time for filing or permits filing during trial; and
“(B) serve the motion on all parties and notify the alleged victim or, when appropriate, the alleged victim’s guardian or representative.
“(2) Before admitting evidence under this rule the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard. The motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise.”
(Emphasis added.) This case exemplifies the need to address in the Alabama Rules of Evidence the admissibility of prior sexual conduct in both criminal and civil matters. The federal rule strikes an appropriate balance between the competing concerns of those who claim to be victims of sexual harassment, who need assurance that they will not be embarrassed by probing discovery into their sexual past, on the one hand, and defendants, who need discovery of relevant evidence, on the other. Accordingly, I urge this Court’s standing committee on the rules of evidence to consider amending Rule 412, Ala. R. Evid., to address these concerns in civil cases.
Because the evidence sought by Moore is not calculated to lead to the discovery of relevant evidence but instead serves only to embarrass and harass Carlisle, the trial court exceeded its discretion in not granting Carlisle’s motion for a protective order. I therefore dissent.